**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
2:54 pm, Sep 26, 2024
JEFFREY P. COLWELL, CLERK

Civil Action No.

(To be supplied by the court)

Jury Trial requested:

(please check one)

<u>X</u> Yes ___ No

**Garrison Andrew Gurule,** Plaintiff
v.
**Pueblo County, a Colorado municipality;**)
**The Tenth Judicial District, State of Colorado;**)
**The Pueblo Police Department, a Colorado law enforcement agency;**)
**The Pueblo County Sheriff's Department, a Colorado law enforcement agency;**)
**Judge Robert Silva, in his individual and official capacities;**)
**Judge Steven Fieldman, in his individual and official capacities;**)
**Officer Ryan Dean Neece, in his individual and official capacities;**)
**Dr. Rebecca L. Higbee, in her individual and official capacities;**)
**Dr. Geoffrey Geer, in his individual and official capacities;**)
**Lindsey Wright, in her individual and official capacities;**)
**Pueblo County Jail, a Colorado correctional facility;**)
**Rocky Mountain Behavioral Health (RMBH), a Colorado mental health facility;**)
**Kayla Dang, in her individual and official capacities as an employee of RMBH;**)
**Alina, in her individual and official capacities as an employee of RMBH; and**)
**The City of Pueblo, a Colorado municipality.** Defendant(s)

# COMPLAINT

## A.      PLAINTIFF INFORMATION

Plaintiff: Garrison Andrew Gurule

Plaintiff's Address: PO Box 33476, Northglenn, CO 80233

Plaintiff's Telephone Number: 719-271-2129

Plaintiff's Email Address: thegetman@gmail.com

## B. DEFENDANT(S) INFORMATION

Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."

**Defendant 1:**

- Pueblo County
- 215 W 10th St
- Pueblo, CO 81003
- (719) 583-6000

**Defendant 2:**

- Tenth Judicial District, State of Colorado
- Pueblo Combined Courts
- 501 N Elizabeth St
- Pueblo, CO 81003
- (719) 583-6000 (General courthouse number)

**Defendant 3:**

- The Pueblo Police Department
- 200 S Main St
- Pueblo, CO 81003
- (719) 553-2502

**Defendant 4:**

- The Pueblo County Sheriff's Department
- 909 Court St
- Pueblo, CO 81003
- (719) 583-6250

**Defendant 5:**

- Judge Robert Silva
- c/o Tenth Judicial District
- Pueblo Combined Courts
- 501 N Elizabeth St
- Pueblo, CO 81003

**Defendant 6:**

- Judge Steven Fieldman
- c/o Tenth Judicial District
- Pueblo Combined Courts
- 501 N Elizabeth St
- Pueblo, CO 81003

**Defendant 7:**

- Officer Ryan Dean Neece
- c/o The Pueblo Police Department
- 200 S Main St
- Pueblo, CO 81003

**Defendant 8:**

- Dr. Rebecca L. Higbee
- 7887 E Belleview Ave Ste 1100
- Englewood, CO 80111-6097
- (234) 255-8926
- becky.higbee@gmail.com

**Defendant 9:**

- Dr. Geoffrey Geer
- 485 Grape ave
- Boulder, CO 80304
- (303) 938-9386
- d.geer@comcast.net

**Defendant 10:**

- Lindsey Wright
- Colorado State Public Defender's Office
- 201 W 8th St #300
- Pueblo, CO 81003
- (719) 583-6722

**Defendant 11:**

- Pueblo County Jail
- 909 Court St
- Pueblo, CO 81003
- (719) 583-6240

**Defendant 12:**

- Rocky Mountain Behavioral Health (RMBH)
- 1310 Chinook Ln
- Pueblo, CO 81001
- (719) 545-0737

**Defendant 13:**

- Kayla Dang
- c/o Rocky Mountain Behavioral Health (RMBH)
- 1310 Chinook Ln
- Pueblo, CO 81001
- (719) 545-0737

**Defendant 14:**

- Alina
- c/o Rocky Mountain Behavioral Health (RMBH)
- 1310 Chinook Ln
- Pueblo, CO 81001
- (719) 545-0737

**Defendant 15:**

- City of Pueblo
- 1 City Hall Pl
- Pueblo, CO 81003
- (719) 553-2500

# C. JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

[X] Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

- 42 U.S.C. Section 1983 (Civil action for deprivation of rights)
- 28 U.S.C. § 1343 (civil rights jurisdiction)
- Fourth Amendment (Unreasonable searches and seizures)
- Eighth Amendment (Cruel and unusual punishment)
- Fourteenth Amendment (Due process and equal protection)

Explanation:

- The reference documents indicate that federal question jurisdiction is appropriate when the claims arise under the U.S. Constitution, federal laws, or treaties.

- In your case, you are alleging violations of your constitutional rights and seeking remedies under federal civil rights law (42 U.S.C. Section 1983).
- Therefore, federal question jurisdiction is the correct basis for the court to consider your claims.
- The specific constitutional amendments and federal statute relevant to your case have been listed as required.

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and .

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Pueblo County, Colorado, within this District.

## D.  STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action.  For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim.  You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s).  Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

### I. Introduction

Plaintiff, Garrison Andrew Gurule, brings this action against Defendants for egregious and systematic violations of his civil rights, stemming from a pattern of collusion and misconduct among law enforcement officers, judicial officials, and mental health professionals within the state of Colorado. These violations include sexual assault, false arrest, malicious prosecution, excessive force, denial of medical care, deliberate indifference to his health and safety, and the weaponization of competency proceedings to obstruct justice and silence Plaintiff.

### II. CAUSES OF ACTION

**CLAIM ONE: Violation of the Fourth Amendment - Unreasonable Search and Seizure; Excessive Force**

- Right Violated: The Fourth Amendment to the U.S. Constitution, which protects against unreasonable searches and seizures and prohibits the use of excessive force by law enforcement.
- Facts Supporting the Claim:
    - June 29, 2022: Plaintiff was arrested at his apartment complex without being informed of the charges or read his Miranda rights. This constitutes an

  - unreasonable seizure. While handcuffed in the back of a police cruiser, he was struck on the head, rendering him unconscious. This constitutes excessive force.
    - September 6, 2022: The SWAT team, potentially acting on Judge Silva's orders, raided Plaintiff's apartment, causing significant damage and using tear gas. This constitutes an unreasonable search and seizure. At the Pueblo County Jail intake, Plaintiff was again assaulted and severely beaten, resulting in fractured wrists. This constitutes excessive force.
- Specific Persons Involved:
  - Pueblo Police Department
  - Pueblo County Sheriff's Department
  - Officer Ryan Dean Neece

**CLAIM TWO: Violation of the Eighth Amendment - Cruel and Unusual Punishment**

- Right Violated: The Eighth Amendment to the U.S. Constitution, which prohibits cruel and unusual punishment.
- Facts Supporting the Claim:
  - June 30, 2022: Plaintiff was denied medical attention for his injuries and was sexually assaulted by a uniformed police officer while in custody at the Pueblo County Jail.
  - September 6, 2022: Plaintiff was denied medical attention for his fractured wrists for 4-6 weeks while in custody at the Pueblo County Jail.
  - April 13, 2023: Plaintiff was sexually assaulted and left in a sewage system, leading to him contracting Hepatitis A and HSV 1. He was subsequently denied proper medical care.
- Specific Persons Involved:
  - Pueblo County Jail
  - Pueblo Police Department
  - Pueblo County Sheriff's Department
  - Officer Ryan Dean Neece
  - Dr. Rebecca L. Higbee
  - Dr. Geoffrey Geer

**CLAIM THREE: Violation of the Fourteenth Amendment - Due Process and Equal Protection**

- Right Violated: The Fourteenth Amendment to the U.S. Constitution, which guarantees due process of law and equal protection under the law
- Facts Supporting the Claim:
  - July 2022: Judge Roberto Silva denied Plaintiff's request for a Civil Protection Order and his motion to recuse Judge Silva, suggesting potential bias and a denial of due process.
  - September 6, 2022 - Present: Judge Steven Fieldman allegedly ignored Gurule's Writ of Habeas Corpus, coerced him into a plea deal, collaborated with other attorneys to undermine his defense, may have bribed his private attorneys to

- withdraw, and consistently turned a blind eye to the legal and judicial misconduct Plaintiff experienced.
    - May 2023 - Present: Plaintiff has been subjected to abusive and unprofessional treatment by Kayla Dang and Alina, employees of Rocky Mountain Behavioral Medicine (RMBH), during court-ordered competency education sessions. This mistreatment, coupled with the lack of proper recording and the disregard for Plaintiff's attempts to defend himself, suggests a denial of due process and a potential conspiracy to undermine his competency claims.
- Specific Persons Involved:
    - Judge Robert Silva
    - Judge Steven Fieldman
    - Kayla Dang
    - Alina
    - Rocky Mountain Behavioral Health (RMBH)

**CLAIM FOUR: 42 U.S.C. § 1983 - Deprivation of Civil Rights**

- Defendants, acting under color of state law, deprived Plaintiff of his rights secured by the Constitution and laws of the United States.
- This claim encompasses all the previously mentioned violations, including the sexual assaults, false arrests, malicious prosecution, excessive force, denial of medical care, and abuse of process.
- It asserts that the Defendants, in their official capacities, used their authority to deprive Plaintiff of his constitutional rights, causing him significant harm and suffering.

**CLAIM FIVE: State Law Claims**

- Claims: Assault, battery, false imprisonment, intentional infliction of emotional distress, fraud, and malicious prosecution
- Facts Supporting the Claim:
    - June 29, 2022 & April 13, 2023: Plaintiff was physically and sexually assaulted by law enforcement officers.
    - June 30, 2022 & September 6, 2022: Plaintiff was falsely imprisoned and denied medical care.
    - Multiple Dates: Plaintiff was subjected to emotional distress by various defendants.
    - 2022-2023: Judge Silva allegedly committed fraud related to property manipulation.
    - Multiple Dates: Plaintiff was maliciously prosecuted for crimes he did not commit.
- Specific Persons Involved:
    - Law Enforcement Officers
    - Pueblo Police Department
    - Pueblo County Sheriff's Department
    - Officer Ryan Dean Neece
    - Judge Robert Silva

- Judge Steven Fieldman

**CLAIM SIX: Medical Malpractice and Negligence**

- Claims: Medical malpractice, negligence, intentional infliction of emotional distress, and defamation
- Facts Supporting the Claim:
    - June 30, 2022 & September 6, 2022: Plaintiff was denied medical care for his injuries while in custody at the Pueblo County Jail
    - April 13, 2023: Plaintiff was denied proper medical care and falsely diagnosed with mental health conditions by Dr. Rebecca L. Higbee and Dr. Geoffrey Geer. These false diagnoses have not only obstructed Plaintiff's access to necessary medical treatment for his injuries and illnesses but have also been weaponized to cast doubt on his credibility and mental stability, thereby impeding his pursuit of justice.
    - Plaintiff believes that these medical professionals were unduly influenced by law enforcement and the judicial system in Pueblo, further demonstrating a pattern of collusion and a concerted effort to undermine Plaintiff's claims and obstruct justice.
- Specific Persons Involved:
    - Dr. Rebecca L. Higbee
    - Dr. Geoffrey Geer
    - Pueblo County Jail

**CLAIM SEVEN: Ineffective Assistance of Counsel**

- Claim: Ineffective assistance of counsel
- Facts Supporting the Claim:
    - May 2023: Plaintiff's attorney, Lee Medina, withdrew from his case after collaborating with Judge Fieldman and RMOMs to ensure Plaintiff's arrest and confinement. Medina also intentionally withheld correct information for Plaintiff's DMV hearing.
    - June - September 2024: Plaintiff's public defender, Lindsey Wright, has been unresponsive and ineffective, delaying crucial jail records and hindering Plaintiff's defense.
- Specific Persons Involved:
    - Lindsey Wright
    - Lee Medina

## III. Conclusion

The aforementioned events, supported by extensive documentation and evidence, paint a chilling picture of a coordinated and malicious conspiracy to violate Plaintiff's civil rights, obstruct justice, and inflict severe physical and emotional harm. The actions of the defendants demonstrate a blatant disregard for the law, human dignity, and the fundamental principles of justice. Plaintiff seeks redress from this Court to hold the responsible parties accountable, obtain compensation for the damages he has suffered, and ensure that such egregious violations do not recur.

# E. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff and against Defendants on all counts.
2. Award Plaintiff compensatory damages, including but not limited to:

   - Medical expenses incurred as a result of the Defendants' actions.
   - Lost wages and earning capacity.
   - Pain and suffering, both physical and emotional.
   - Loss of enjoyment of life.
   - Damage to reputation and standing in the community.

3. Award Plaintiff punitive damages to punish the Defendants for their malicious, willful, and wanton conduct and to deter future misconduct.

4. Grant injunctive relief, including:

   - Prohibiting the Defendants from engaging in any further acts of misconduct or retaliation against Plaintiff.
   - Requiring the Defendants to implement policies and procedures to prevent future violations of civil rights.
   - Expunging any false or misleading information from Plaintiff's medical and legal records.
   - Ordering a comprehensive and independent medical evaluation of Plaintiff to assess the full extent of his injuries and ensure he receives appropriate medical care and treatment.

5. Issue a declaratory judgment:

   - Declaring the actions of the Defendants unconstitutional and unlawful.
   - Restoring Plaintiff's concealed carry permit, thereby restoring his Second Amendment rights.
   - Vacating and expunging any permanent protection orders related to Plaintiff's daughter.

6. Award Plaintiff his costs and reasonable attorney's fees.

7. Grant such other and further relief as the Court deems just and proper, including but not limited to:

   - An order for the immediate release of all records pertaining to Plaintiff's case from the Pueblo County Jail.
   - An order for a thorough and independent investigation into the alleged misconduct by all Defendants.
   - An order for the implementation of policies and procedures to prevent future civil rights violations within the Pueblo Police Department, Pueblo County Sheriff's Department, the Tenth Judicial District, and Rocky Mountain Behavioral Health.

Plaintiff further asserts that the wrongs alleged are ongoing, as he continues to be denied proper medical care, faces discrimination due to false diagnoses, and is subjected to mistreatment during court-ordered competency sessions. Therefore, Plaintiff seeks immediate injunctive relief to protect his rights and prevent further harm.

## F.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  See 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
**(Plaintiff's signature)**

9/26/2024
_____
**(Date)**

**(Revised February 2022)**